**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KENNETH EARL WRIGHT, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| EAST POINT POLICE | : | CIVIL ACTION NO. |
| DEPARTMENT, | : | 1:12-CV-2150-TWT-JFK |
| CORNELIUS JOHNSON, | : | |
| JANE DOE, | : | |
| Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**SUPPLEMENTAL REPORT AND RECOMMENDATION**

The matter is before the Court on Plaintiff's motion to order service, (Doc. 16), and motion to resupply Plaintiff with summons and USM 285 forms, (id.), and for preparation of a Supplemental Report and Recommendation, (Doc. 17).  The undersigned previously recommended that this action be allowed to proceed in part. (Doc. 4).  However, as shown in the discussion below, it has come to light that this action should be dismissed under 28 U.S.C. § 1915(g) and for abuse of the judicial process.

**I.     Discussion**

In February 1991, while incarcerated in the State of Florida, Plaintiff, proceeding as Kenneth Wright, Florida Department of Corrections number 103030,

filed in the United States District Court for the Middle District of Florida a civil rights action, which the Honorable Senior Judge Patricia C. Fawsett determined did not state a claim and in which she allowed him twenty days to amend before the court dismissed his action. Wright v. Eagan, No. 6:91-cv-0111-PCF (M.D. Fla. May 8, 1991) (docket entry 5) (hereinafter "1991 Florida action"). When Plaintiff did not amend, the court dismissed the action. Id. (docket entry 6). In September 1993, again while incarcerated, Plaintiff filed another civil rights action in the same court, which the Honorable Senior Judge G. Kendall Sharp dismissed as frivolous. Wright v. Bell, No. 6:93-cv-0738-GKS (M.D. Fla. Sept. 24, 1993) (docket entries 10, 15) (hereinafter "1993 Florida action"). In July 1995, again while incarcerated, Plaintiff filed in a different division of the same court another civil rights action, which the Honorable Senior Judge John H. Moore, II, dismissed, noting that Plaintiff could file a new complaint after he pursued his other remedies and/or could show that his claims had accrued. Wright v. Curry, No. 3:95-cv-0638-JHM (M.D. Fla. July 27, 1995) (docket entry 3) (hereinafter "1995 Florida action").

In April 2012, Plaintiff, proceeding as Kenneth Earl Wright, Georgia Department of Corrections number 1000530906, while incarcerated, filed Wright v. Chandler, No. 1:12-cv-1245-TWT-JFK (N.D. Ga. filed Apr. 11, 2012). On the form

2

civil rights complaint in that action, Plaintiff checked "No" in response to the query "Have you filed other lawsuits in federal court while incarcerated in any institution?" Complaint at 1, Wright, No. 1:12-cv-1245.   The Court determined that it had insufficient information to conclude that § 1915(g) applied to Plaintiff, and Wright, No. 1:12-cv-1245, was allowed to proceed.  See Order at 2-3, Wright, No. 1:12-cv-1245, ECF No. 20.  The defendant in that action asserted that Plaintiff was subject to § 1915(g), listed the above Florida cases, and asserted that no further response was required by Defendant. Waiver of Reply, Wright, No. 1:12-cv-1245, ECF No. 19. The Court again determined that it had insufficient information to conclude that § 1915(g) applied and required Defendant to file an answer.[1] See Order at 2-3, Wright, No. 1:12-cv-1245, ECF No. 20.

Meanwhile, Plaintiff filed the instant action.  (Doc. 1).  On the form civil rights complaint that he submitted, Plaintiff failed to identify any of his Florida actions

---

[1]The Court mistakenly referred to the 1993 Florida action as having been filed in the Middle District of Georgia.  See Order at 1 n.1, Wright, No. 1:12-cv-1245, ECF No. 20.

3

although he was required to describe each lawsuit that he had filed in federal court while incarcerated in any institution.[2]

In Wright, No. 1:12-cv-1245, Plaintiff has now admitted that he filed the 1991 and 1993 Florida actions. See Mem. at 3-4, Wright, No. 1:12-cv-1245, ECF No. 30.[3] The Court finds that Plaintiff also filed the 1995 Florida action, which was filed by the same person (Fla. D.C. No. 103030) who filed the 1991 and 1993 Florida actions.

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

_____

[2]Plaintiff also filed four additional actions in this Court. See Wright v. Mims, No. 1:13-cv-00845-TWT-JFK (N.D. Ga. filed Mar. 15, 2013) (pending); Wright v. East Point Police Dep't, No. 1:12-cv-02064-TWT-JFK (N.D. Ga. Feb. 11, 2013) (dismissed under 28 U.S.C. § 1915A); Wright v. East Point Police Dep't, No. 1:12-cv-02063-TWT-JFK (N.D. Ga. Apr. 24, 2013) (dismissed under 28 U.S.C. § 1915A); Wright v. Armand, No. 1:12-cv-02062-TWT-JFK (N.D. Ga. filed June 14, 2012) (pending). In none of those actions – in which Plaintiff submitted form complaints, which required a description of prior lawsuits and which Plaintiff signed under penalty of perjury – did Plaintiff inform the Court that he had filed actions in the United States District Court for the Middle District of Florida.

[3]Plaintiff's admission came after the defendant in Wright, No. 1:12-cv-1245, moved to dismiss and sought permission to file under seal records that identified Plaintiff as the litigant in the Florida cases. See Mots., Wright, No. 1:12-cv-1245, ECF Nos. 28, 29.

4

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and a prisoner wishing to pursue his or her claims must refile the action with full payment of the filing fee.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

At the time that Plaintiff filed this action in June 2012, he had while incarcerated filed at least three civil actions that had been dismissed as frivolous, malicious, or for failure to state a claim.  The court dismissed the 1991 Florida action after determining that Plaintiff had not stated a claim and when Plaintiff failed to amend as directed.  The court dismissed the 1993 Florida action as frivolous.  The court dismissed the 1995 Florida action because Plaintiff had not exhausted his other remedies or shown that his claims had accrued, which dismissal qualifies as a strike.[4]  Plaintiff had three strikes

---

[4]The dismissal of a civil rights action for failure to exhaust other remedies counts as a strike under § 1915(g).  See Thomas v. Parker, 672 F.3d 1182, 1183-84 (10th Cir. 2012) (agreeing that a strike is properly assessed when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits"); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of action for failure to exhaust remedies counted as a strike under § 1915(g)), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

A dismissal based on the prematurity of a civil rights action counts as a strike. See In re Jones, 652 F.3d 36, 38 (D.C. Cir. 2011) (listing cases); Berry v. Savannah

5

when he filed this action, and he alleges no action by any Defendant that places him in imminent threat of serious injury.  Thus, Plaintiff was not entitled to proceed *in forma pauperis*, and this case should have been dismissed under § 1915(g).

Further, even if Plaintiff had not had three strikes at the time he filed this action, the Court should dismiss the action based on Plaintiff's abuse of the judicial process. See Sears v. Haas, No. 12-14445, 2013 WL 616914, at *1 (11th Cir. Feb. 19, 2013) ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."); Harris v. Warden, 498 F. App'x 962, 965 (11th Cir. 2012) (stating that failure to "disclose any information regarding . . . prior cases" on form complaint that requires disclosure

_____

Chatham Cnty. Metro. Police Dep't, No. CV408-201, 2009 WL 1765805, at **1-2 (S.D. Ga. 2009).  Under Heck v. Humphrey, 512 U.S. 477 (1994), "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Dyer v. Lee, 488 F.3d 876, 878-79 (11th Cir. 2007) (quoting Heck, 512 U.S. at 487) (internal quotation marks omitted).

The Court notes that in Wright, No. 1:12-cv-1245, Plaintiff has argued that the 1991 and 1993 Florida actions should not count as strikes because, although he sought damages in those actions, they were challenges to his conviction.  See Mem. at 3-4, Wright, No. 1:12-cv-1245, ECF No. 30.  Those actions were docketed as civil rights cases and adjudicated as such, and any disagreement with the outcomes in the Florida actions should have been pursued in a direct appeal from those actions.

6

of prior complaints and "simply writing or checking 'No' or 'Not Applicable' under all of the relevant questions" regarding prior suits warrants a finding of affirmative misrepresentation and dismissal for an abuse of the judicial process); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x. 221, 226 (11th Cir. 2011) ("The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so."). In his complaint, signed under penalty of perjury, Plaintiff failed to identify any of his Florida actions although he was required to describe each lawsuit he had filed in federal court while incarcerated in any institution. Plaintiff's false representations are not in this action only, and Plaintiff admitted to the Florida filings only after the defendant in Wright, No. 1:12-cv-1245, went to the time and expense of pursuing further research on the 1990 Florida filings and moved to dismiss under § 1915(g).

7

## II.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that the grant of *in forma pauperis* status, (Doc. No. 3 (requiring payments from Plaintiff's inmate account)), is **VACATED** and that the Clerk of the Court transmit a copy of this Order to the warden of the institution where Plaintiff is incarcerated.

**IT IS ORDERED** that the prior Report and Recommendation, (Doc. 4), is **WITHDRAWN**.

**IT IS ORDERED** that Plaintiff's motion to order service, (Doc. 16), and motion to resupply Plaintiff with summons and USM 285 forms, (id.), are **DENIED** as moot.

**IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) and for abuse of the judicial process.

**IT IS SO ORDERED and RECOMMENDED** this 14th day of June, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)